UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HASTINGS MUTUAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:07-cv-1085-WTL-TAB |
| CHRISTINA LaFOLLETTE, TAMMY KIGER, RON KIGER, and WEATHERLY ENTERPRISES, LLC, | ) ) ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff's, Hastings Mutual Insurance Company ("Hastings"), Motion for Summary Judgment (Docket No. 27) on its action seeking declaratory judgment that there is no insurance coverage for the claims that Defendant Christina LaFollette ("LaFollette") has made against Ron and Tammy Kiger ("the Kigers") and Weatherly Enterprises, LLC ("Weatherly") in the state court action styled *LaFollette v. Kiger, et al.*, No. 68C01-0704-CT-131, that was filed in the Randolph Circuit Court ("the State Action"). Hastings contends that the insurance contract with Weatherly does not provide coverage because the Kigers were not insured persons within the meaning of the policy.

For the reasons stated herein, Hastings motion is **GRANTED**.

**I. BACKGROUND**

Weatherly is in the business of rental of residential properties. Other than Calvin and Kay Weatherly, the company has no employees. Weatherly leased residential property located at 375 Meadow Lane, Albany, Indiana, to the Kigers in March 2001. Sometime after moving into the

residence, the Kigers erected a fence on the property. Thereafter, in 2004, the Kigers installed a pool on the premises. The Kigers undertook these improvements without seeking prior approval from Weatherly as required by the lease. In April 2005, the Kigers began to replace the fence, again without first seeking permission from Weatherly. Sometime on or about April 19, 2005, LaFollette's minor son entered the property through an opening in the fence and was injured. He subsequently died from his injuries.

On the date that LaFollette's minor son was injured, Hastings had in effect a policy of insurance, Policy No. CPP9308621, issued to Weatherly. Under the terms of the policy, a covered insured is defined, in pertinent part, as:

> c. A limited liability company, you are an insured. Your members are also insured, but only with respect to the conduct of your business. Your managers are insured, but only with respect to their duties as your managers.

Compl., Ex. A, p. 9. In addition, the policy also provided coverage for volunteer workers when such workers were performing duties related to the conduct of Weatherly's business. *Id.*, Ex. A., p. 10. A "volunteer worker" was defined as:

> a person who is not your "employee," and who donates his or her work and acts at the direction of you and in the scope of duties determined by you, and has not been paid a fee, salary or other compensation by you or anyone else for the work performed for you.

*Id.*, Ex. A., p. 17.

## II. SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party

has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III. **DISCUSSION**

Hastings argues that it is entitled to summary judgment because the Kigers were not entities covered by the policy. In response, LaFollette asserts that there is a genuine issue of material fact concerning whether the Kigers were voluntary workers. LaFollette contends that Weatherly knew that the Kigers had put up the original fence and pool and acquiesced in those actions because it did nothing to enforce the terms of the lease. LaFollette further argues that the improvements to the property were to Weatherly's benefit because they probably increased the property's value.

The dispute between the parties can be resolved by looking to the terms of the insurance policy. Under Indiana law, insurance policies are construed in the same manner as contracts. *See Microvote Corp. v. GRE Ins. Group*, 779 N.E.2d 94, 96 (Ind. Ct. App. 2002) (citing *Erie Ind. Co. v. Am. Painting Co.*, 678 N.E.2d 844, 845 (Ind. Ct. App. 1997)). The Court's primary objective is to ascertain the parties' mutual intent at the time they entered into the contract and to effectuate that intent. *See First Fed. Savings Bank v. Key Markets*, 559 N.E.2d 600, 603-04 (Ind. 1990). To ascertain this intent, the Court looks at the contract language that expresses the parties' rights and duties. *See id.* If the language is clear and unambiguous, it must be given its plain and ordinary meaning. *See Tate v. Secura Ins. Co.*, 587 N.E.2d 665, 668 (Ind. 1992). If, on the other hand, the language is ambiguous, the policy is generally construed in favor of the insured. *See USA Life Ins. Co. v. Nuckolls*, 682 N.E.2d 534, 538 (Ind. 1997). An insurance policy will be deemed ambiguous only if reasonable persons could honestly differ as to the meaning of the policy language. *See Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985), *cert. denied*, 479 U.S. 1060 (1987).

Here, the policy in question clearly defines the term "voluntary worker." The definition requires such an individual to be performing work at the direction of Weatherly and within the scope of duties that Weatherly has defined for such persons. Compl., Ex. A, p. 17. This plain meaning of this language indicates that some affirmative conduct must be performed on the part of Weatherly. LaFollette has presented no evidence that such is the case. In fact, it is undisputed that the Kigers did not act at the direction of Weatherly; they undertook the improvements without seeking permission from Weatherly even though the terms of the lease required prior authorization. It was only after the fence was erected and the pool installed that Weatherly arguably knew that the improvements had been done. Such knowledge gleaned after the fact clearly does not fit within the

plain language of the policy. Thus, the Court concludes that the Kigers were not "voluntary workers" within the plain meaning of the policy and, therefore, finds that they are not covered entities. Accordingly, Hastings' motion for summary judgment is **GRANTED**.

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff's, Hastings Mutual Insurance Company, Motion for Summary Judgment (Docket No. 27) is **GRANTED**. There is no coverage under Hastings' Policy No. CPP9308621 issued to Weatherly Enterprises, LLC for the claims that Christina LaFollette has made against Ron and Tammy Kiger for the April 19, 2005, incident that led to the injury and death of LaFollette's minor son.

IT IS SO ORDERED: 02/06/2009

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Larry L. Barnard
CARSON BOXBERGER
barnard@carsonboxberger.com

Robert T. Keen, Jr.
CARSON BOXBERGER LLP
keen@carsonboxberger.com

Matthew C. Boulton
KELLER & KELLER
matt@2keller.com

Randall L. Juergensen
KELLER & KELLER
randy@2keller.com